ELECTRONICALLY RECEIVED 2026 May 20 8:30 AM - MCCHCVMG260000008 Montgomery County, Chancery Court

| STATE OF TENNESSEE MONTGOMERY CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER MCCHCVMG260000008 |
|---|---|---|

| PLAINTIFF | DEFENDANT |
|---|---|
| JACOB WADE | AUSTIN PEAY AUSTIN PEAY STATE UNIVERSITY **VS.** |

**TO**: (NAME & ADDRESS OF DEFENDANT)

AUSTIN PEAY AUSTIN PEAY STATE UNIVERSITY

C/O TENNESSEE ATTORNEY GENERAL
500 CHARLOTTE AVENUE
NASHVILLE, TN 37219

Service accepted on behalf of
Defendant _APSU_
this _May 20, 2026_
Lacey E. Mase, Chief Deputy

**List each defendant on a separate summons.**

**YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE. YOUR WRITTEN ANSWER/DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR ANSWER/ DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION WITHIN THE REQUIRED TIME FRAME, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| **Attorney for plaintiff:** (Name, address & telephone number) CALEB C. FRENCH 1300 DIVISION STREET SUITE 102 NASHVILLE, TN 37203 | **DATE ISSUED & ATTESTED** 05/20/2026     08:46:59 AM **Heather L. Moore, Clerk & Master** BY:     /s/ Tonya Richardson |
|---|---|

**CERTIFICATION**

I, Heather L. Moore, Clerk and Master of the Chancery Court of Montgomery County, Tennessee, do certify this to be a true and correct copy of the original summons issued in this cause. HEATHER L. MOORE, CLERK AND MASTER.

BY: _/s/ Tonya Richardson_ DEPUTY C&M

| **TO THE SHERIFF:** Please execute this summons and make your return within ninety days of issuance as provided by law. | **DATE RECEIVED** **Sheriff** |
|---|---|

Submit three copies: service copy, defendant's copy, file copy. ADA COORDINATOR (615) 741-2687

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that I served this summons together with the complaint as follows:

Date: _____

By: _____
Please print: name, title

_____

_____
Agency or process server address

Signature

## ACCEPTANCE OF SERVICE

I do hereby accept service of process and a copy of this complaint in this cause for all purposes.
This the _____ day of _____, 20 ___ .

_____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20 ___ . I sent, postage prepaid by registered return reciept mail or certified return receipt mail, a certified copy of the summons and a copy of hte complaint in case # _____ to the defendant _____, on the _____ day of _____, 20 ___ . I received the return receipt, which has been signed by _____ on the _____ day of _____, 20 ___ . The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this** _____ **day of** _____, 20 ___ . Signature of ☐ Notary Public or ☐ Deputy Clerk | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
| My Commission Expires: | |
| ### NOTICE OF PERSONAL PROPERTY EXEMPTION | ATTACH RETURN RECEIPT HERE (IF APPLICABLE) |

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA & 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:      Clerk & Master
2 Millenium Plz #101,
Clarksville,
TN 37040

Please state case file/docket number on list.

IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE.

| | |
|---|---|
| JACOB WADE, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) DOCKET NO: _____ |
| | ) JURY DEMAND |
| AUSTIN PEAY STATE UNIVERSITY, | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES, INCLUDING EMERGENCY IMMEDIATE RELIEF

Comes now Plaintiff, Jacob Wade, by and through undersigned counsel, and brings this complaint against Defendant Austin Peay State University. Plaintiff has asked Defendant for reasonable accommodations under the Americans with Disabilities Act, and Defendant has failed to such reasonable accommodations for Plaintiff. Accordingly, Plaintiff has been harmed, and continues to be harmed by, Defendant's behavior, and Plaintiff requests injunctive relief and damages as prayed below. Defendant's actions are causing irreparable harm to Plaintiff and Defendant should immediately be ordered to restrain itself from causing harm to Plaintiff. Without immediately granted emergency relief, Plaintiff's educational and professional plans will be irreversibly harmed. Plaintiff has only three courses remaining to obtain his degree in August 2026, and he is currently facing failure of two courses which have just completed because Defendant refuses to provide appropriate reasonable accommodations.

Plaintiff alleges the following facts:

1. Plaintiff Jacob Wade is a resident of Montgomery County, Tennessee.

1

Case 3:26-cv-00858    Document 1-1    Filed 06/25/26    Page 3 of 18 PageID #: 6

ELECTRONICALLY FILED 2026 May 19 11:14 AM - MCCHCVMG260000008 Montgomery County, Chancery Court

2. Defendant Austin Peay State University (APSU) is a public institution of higher learning formed under the laws of Tennessee with a principal place of business in Clarksville, Tennessee.

3. This Court has subject matter jurisdiction over this action pursuant to Tenn. Code Ann. § 16-11-101, because this action involves a claim invoking equitable powers and the claims arise under the Americans with Disabilities Act, Title II, 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.

4. This Court has personal jurisdiction over Austin Peay State University because Defendant is a public institution formed under the laws of Tennessee with a principal place of business in Nashville, Tennessee.

5. Venue is proper in this Court as Defendant resides in this district.

6. Plaintiff is a student enrolled at Austin Peay State University.

7. Plaintiff attends APSU under the United States Department of Veterans Affairs (VA) Chapter 31, or Veteran Readiness and Employment (VR&E) program.

8. Plaintiff is scheduled to graduate with a Bachelor's degree in Finance in August 2026.

9. Plaintiff only has three college courses to complete to earn his degree: the two courses currently happening in Spring Semester 2026 and one fully remote course over the summer of 2026.

10. Without successfully completing these courses, Plaintiff's VA program participation is in jeopardy and the career trajectory he has planned will be irreparably hindered.

2

11. Plaintiff has a disability as defined by the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

12. Plaintiff is an honorably discharged veteran of the United States Army.

13. After Plaintiff's discharge from the military, he was diagnosed with medical conditions resulting from his military service.

14. In 2023, Plaintiff was diagnosed with Post Traumatic Stress Disorder (PTSD), presenting with anxiety as a result of his military service.

15. Plaintiff's PTSD/Anxiety diagnosis was based on numerous symptoms that occurred after his military service, including anxiety, sleep impairment, panic attacks, and occupational and social impairment, among other symptoms.

16. Plaintiff's disability from his military service has made it virtually impossible for him to attend classes on campus at a large university surrounded by countless strangers.

17. On April 15, 2026, Plaintiff's medical provided, who works for the U.S. Department of Veteran's Affairs, wrote a letter indicating Plaintiff should attend classes and perform assigned tasks virtually, as opposed to in-person, because of his military service-related disabilities.

18. Plaintiff was also diagnosed with other disabilities and was determined to be 100% disabled as a result of his military service.

19. Plaintiff is otherwise qualified to participate in Austin Peay State University's educational programs and services.

20. Plaintiff requested reasonable accommodations from Austin Peay State University to enable Plaintiff to participate fully in the university's educational programs and services.

3

21. Plaintiff reached out to both professors and requested that he be permitted to take part in the courses using remote technology, given his disabilities and that attendance on campus was a barrier to his participation.

22. Neither professor provided Plaintiff the reasonable accommodation of allowing him to participate in class quizzes and other assignments through remote technology, even though such technology is already in use at APSU and even in these two courses.

23. During the Spring semester of 2026, Plaintiff contacted APSU's Disability Student Success Center (DSSC) to find ways to participate fully in his educational programs, while navigating his disabilities.

24. On March 26, 2026, DSSC's Jorsan Johnson contacted Plaintiff's two finance professors, Eren Cifci and Hassan Said, and communicated that on-campus attendance was a barrier to Plaintiff's participation in classes.

25. DSSC's communication asked that remote options be considered for Plaintiff to finish the semester.

26. The two professors still failed to allow Plaintiff to participate in the classes remotely.

27. One professor indicated that all students must be treated the same, indicating a failure to account for Plaintiff's individualized disabilities and their impacts on his ability to attend the educational program.

28. Plaintiff also formally complained with APSU's Office of Institutional Culture/ADA Section 504, using the process outlined by the university to respond to requests for accommodations and to report Protected Veteran Discrimination.

4

29. On April 27, 2026, Mr. Johnson from the DSSC emailed Plaintiff indicating that a meeting with Doctors Hepner and Nyonna, along with Plaintiff's two professors, resulted in the decision that online testing/quiz participation could not be granted to Plaintiff because that was an accommodation not already listed for the courses.

30. On information and belief, this decision did not account for Plaintiff's unique and individual circumstances and appears to be a blanket refusal to provide the reasonable accommodation because other students did not have access to that accommodation.

31. On April 29, 2026, Jayme Glover from APSU's OIC wrote to Plaintiff and indicated that the OIC was closing their investigation of Plaintiff's discrimination complaint without providing the accommodation Plaintiff requested.

32. The OIC communication incorrectly indicated Plaintiff was requesting a change of coursework modality from hybrid to remote only, despite Plaintiff's lodging of a discrimination and reasonable accommodation request.

33. The accommodations requested by Plaintiff were reasonable and necessary to provide Plaintiff with equal access to Austin Peay State University's educational programs and services.

34. Austin Peay State University failed to provide the reasonable accommodations requested by Plaintiff.

35. Plaintiff's professors have failed to reasonably accommodate Plaintiff's disabilities in that they conduct much of the coursework remotely and at least

5

one professor has reopened quizzes or exams for remote testing ability even after the initial date of testing.

36. Both courses have a substantial remote component and allowing Plaintiff to participate remotely would not change the nature of the courses in any way.

37. The DSSC has informed Plaintiff that he may take an "Incomplete" in his courses for up to 12 weeks after the courses are done, but this accommodation puts him in danger of having to reimburse the VA for educational benefits he has been receiving through Chapter 31.

38. Other accommodations include assessing Plaintiff a penalty for taking mandatory quizzes/tests at the DSSC, which is still on-campus.

39. No accommodation allowing Plaintiff full participation from a remote location was provided after Plaintiff's numerous requests.

40. Austin Peay State University is a public entity subject to Title II of the Americans with Disabilities Act.

41. Austin Peay State University receives federal financial assistance, including but not limited to federal grants, federal student loans, and other federal funding.

42. As a result of Austin Peay State University's failure to provide reasonable accommodations, Plaintiff has been excluded from full participation in the university's educational programs and services.

43. Because of Plaintiff's disabilities, he cannot attend courses on campus without suffering incredibly.

44. Because APSU has refused to provide accommodations for remote attendance and participation in required coursework, Plaintiff cannot complete his coursework.

6

45. Without completing his coursework, Plaintiff cannot graduate from the VA Chapter 31/VR&E program and start his vocational rehabilitation with employment.

46. In fact, he faces reimbursing the VA for benefits received, burdening him for attempting to improve his life after service, and all because reasonable accommodations have been denied.

47. As Plaintiff's Primary Care Provider through the VA wrote, attendance at on-campus classes is psychologically detrimental to the Plaintiff.

48. Because Plaintiff has been denied the ability to participate remotely, he cannot complete quizzes, exams, or projects that the professors insist must be completed on-campus.

49. Plaintiff has suffered damages as a result of Defendant's failure to provide reasonable accommodations.

50. Plaintiff has been an exemplary student at APSU and was awarded an Associate of Science degree cum laude in August 2024.

51. Exit exams Plaintiff has taken indicate his high aptitude in the chosen field of finance and demonstrate his commitment to his studies.

52. However, he is now filled with anxiety about completing his undergraduate degree at an institution of higher learning that has a large part of its mission educating military veterans.

53. Plaintiff's military service-connected disabilities are made worse through APSU's denials of the reasonable accommodations requested as he now faces his inability to complete his schedule of coursework.

7

54. Plaintiff is emotionally distressed as a result of APSU's failure to provide reasonable accommodations – his mind now travels to the crowded situations he is requesting to avoid when he thinks about his education.

55. Because of his disability, Plaintiff also faces reimbursing the VA for benefits provided, an egregious financial burden on a disabled military veteran.

56. Plaintiff has spent countless hours navigating the university's handbook, OIC, DSSC, and other avenues to obtain the accommodations he needs to access his educational opportunities, when he could have been studying and maintaining his high standard of academic success.

57. Plaintiff has also been driven to retain an attorney and file this lawsuit simply to exercise his rights.

58. Without immediate injunctive relief requiring APSU to allow Plaintiff to complete the Spring Semester's coursework remotely, he will suffer irreparable harm in that his entire educational, employment, and rehabilitation schedule through the VA will be dashed and he will struggle to complete his degree and gain employment on APSU's timeline.

59. Spring 2026 courses have now completed their coursework and Plaintiff faces failing grades in the two courses in which he is enrolled.

60. Failure in these courses will result in Plaintiff's inability to graduate and obtain employment in August 2026, as contemplated by his current VA VR&E program enrollment.

61. Plaintiff and his family will be harmed by delaying his entry into the workforce if he is not allowed to complete his coursework using reasonable accommodations.

8

62. Plaintiff will be further harmed by receiving failing grades, when his professors are aware of his aptitude and history of good grades.

63. The alternative proposed by Defendant, receiving "Incomplete" grades for the two required courses would still prevent Plaintiff from completing his degree program on time.

64. Without immediate relief allowing Plaintiff to finish these two courses from a remote location and using remote technology, Plaintiff will immediately be harmed in an irreparable manner as the passage of time cannot be undone with subsequent relief after a full hearing and trial on this claim.

### CLAIMS FOR RELIEF

### Count I - Discrimination Based on Disability in Violation of Title II of the Americans with Disabilities Act

65. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 20 as if fully set forth herein.

66. Plaintiff is a qualified individual with a disability.

67. Plaintiff's PTSD and anxiety make on-campus participation in APSU's educational programs impossible.

68. Plaintiff cannot travel to locations such as APSU's campus and still function in a manner conducive to educational objectives.

69. Without the appropriate mindspace or focus, Plaintiff cannot access APSU's educational offerings and participate fully.

9

70. Plaintiff was excluded from participation in or denied the benefits of services, programs, or activities of a public entity.

71. Austin Peay State University is a public entity subject to Title II of the Americans with Disabilities Act.

72. Austin Peay State University excluded Plaintiff from participation in or denied Plaintiff the benefits of the university's educational programs and services by failing to provide reasonable accommodations.

73. Plaintiff has not been permitted the ability to attend his classes and perform required tasks remotely.

74. Plaintiff has been given "zeroes" for on-campus-mandated coursework since he requested the reasonable accommodation of remote participation.

75. Because Plaintiff's on-campus participation is impossible, APSU is preventing his from completing his coursework and fulfilling his degree requirements.

76. Such exclusion and denial of benefits was by reason of Plaintiff's disability.

77. Defendant's failure to provide reasonable accommodations to Plaintiff constitutes discrimination on the basis of disability in violation of Title II of the Americans with Disabilities Act.

78. Both of Plaintiff's current classes have a substantial remote component.

79. APSU courses routinely allow for remote testing and quiz-taking.

80. Plaintiff's request for accommodation is reasonable and imposes no undue burden on APSU of Plaintiff's professors as the technology for remote participation is already widely-used at APSU.

10

81. Plaintiff will be taking a remote-only capstone Finance course in the Summer semester of 2026, demonstrating that remote attendance at APSU's Finance courses is reasonable and no burden whatsoever.

82. As a direct and proximate result of Defendant's violations of Title II of the Americans with Disabilities Act, Plaintiff has suffered and continues to suffer damages.

83. Plaintiff's anxiety has increased since his requests for reasonable accommodations were denied.

84. Plaintiff has suffered psychologically from receiving failing grades for on-campus coursework, despite his track record of academic success.

85. Plaintiff faces providing reimbursement to the VA for benefits and is burdened by concerns he would not face if APSU provided reasonable accommodations.

86. Plaintiff's grades have dropped significantly and he faces the possibility he will not graduate in August 2026, as he has been working toward.

**Count II - Discrimination Based on Disability in Violation of Section 504 of the Rehabilitation Act of 1973**

87. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 32 as if fully set forth herein.

88. Plaintiff is a qualified individual with a disability.

89. Plaintiff is an excellent college student and has been a valued member of APSU's student body for years.

11

90. Plaintiff has the grades and aptitude for completion of APSU's Bachelor degree program.

91. Plaintiff was excluded from participation in or denied the benefits of a federally funded program or activity.

92. Austin Peay State University receives federal financial assistance in the form of federal grants and student financial aid, among others.

93. Austin Peay State University excluded Plaintiff from participation in or denied Plaintiff the benefits of the university's educational programs and services by failing to provide reasonable accommodations.

94. Such exclusion and denial of benefits was by reason of Plaintiff's disability.

95. Defendant's failure to provide reasonable accommodations to Plaintiff constitutes discrimination on the basis of disability in violation of Section 504 of the Rehabilitation Act.

96. As a direct and proximate result of Defendant's violations of Section 504 of the Rehabilitation Act, Plaintiff has suffered and continues to suffer damages.

97. Plaintiff's damages include mental anguish, anxiety, potential reimbursement, and grade impairment, as described above.

98. APSU was deliberately indifferent to Plaintiff's disability as it compared him to other students with disabilities and failed to provide reasonable accommodations because the requested reasonable accommodation was not previously available.

**Count III - Violation of Tennessee Human Rights Act**

12

99. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 43 as if fully set forth herein.

100. Plaintiff is an individual with a disability.

101. Austin Peay State University is a place of public accommodation and provides public services, including educational services.

102. Plaintiff was denied accommodations, advantages, or privileges of a place of public accommodation.

103. Austin Peay State University denied Plaintiff reasonable accommodations necessary to access the university's educational programs and services.

104. Plaintiff has been rendered unable to participate in the coursework offered by APSU in which he is enrolled because of his disability.

105. Even though Plaintiff could still fully participate in APSU's coursework remotely, APSU refuses to allow him that opportunity without penalty.

106. Such denial was based on Plaintiff's disability.

107. Defendant's conduct violates the Tennessee Human Rights Act.

108. As a direct and proximate result of Defendant's violations of the Tennessee Human Rights Act, Plaintiff has suffered and continues to suffer damages.

109. Plaintiff's damages include mental anguish as his disabilities prevent him from attending on-campus classes and bring up the very mental state that prevents him from on-campus participation.

110. Plaintiff also now suffers increased anxiety as he is facing the inability to obtain his degree on time and must pressure various educational bureaucracies to obtain his entitled educational access.

13

**WHEREFORE PLAINTIFF PRAYS THAT THIS HONORABLE COURT ENTER JUDGMENT IN PLAINTIFF'S FAVOR AS FOLLOWS:**

1. An immediate restraining order be entered on an emergency basis requiring Defendant Austin Peay State University to allow Plaintiff to perform required coursework through a remote technology solution.

2. Compensatory damages against Defendant Austin Peay State University in an amount to be determined at trial, including damages for emotional distress, lost educational opportunities, diminished academic performance, and other economic and non-economic losses.

3. Injinctive relief requiring Defendant Austin Peay State University to be immediately restrained to provide Plaintiff with the requested reasonable accommodations on a temporary basis.

4. Injunctive relief requiring Defendant Austin Peay State University to provide Plaintiff with the requested reasonable accommodations on a permanent basis.

5. Injunctive relief requiring Defendant Austin Peay State University to implement policies, procedures, and training to ensure compliance with Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act in the future.

6. Declaratory relief declaring that Defendant Austin Peay State University violated Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act by failing to provide reasonable accommodations to Plaintiff.

7. Declaratory relief declaring that Defendant Austin Peay State University must comply with its legal obligations under Title II of the Americans with Disabilities

14

Act and Section 504 of the Rehabilitation Act to provide reasonable accommodations to qualified individuals with disabilities.

8. Reasonable attorney's fees and litigation costs incurred in prosecuting this action against Defendant Austin Peay State University, as authorized by law and .

9. Prejudgment and post-judgment interest as allowed by law against Defendant Austin Peay State University.

10. Such other relief as the Court deems just and proper.

**THE MOTION FOR A TEMPORARY RESTRAINING ORDER IS EXPECTED TO BE HEARD ON AN EXPEDITED EMERGENCY BASIS AS SOON AS THE COURT ALLOWS**

Respectfully submitted,

/s/ Caleb C. French
Caleb C. French #043079
Tennessee Law Group
1300 Division Street, Ste 102
Nashville, TN 37203
Caleb@MyLawyerTennessee.com
(615) 742-5373 o
(615) 742-5375 f
*Attorney for Plaintiff*

15

# OATH

State of Tennessee            )
                              )
County of Davidson            )

After being duly sworn, I hereby make oath that the facts contained in the foregoing pleading are true to the best of my knowledge, information and belief, and are made in truth and sincerity for the causes mentioned.

_____
Jacob Wade

Sworn to and subscribed before me this the /5 day of May, 2026

Notary Public

My Commission expires: